

August 15, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**08-CV-61314-Cohn-Seltzer**

John Shandorf, Jeffrey Shandorf, Vincent Dimino,
Lauren Horwitz, Anthony Brasco, Gregory Caruso,
Robert Valenti, Leslie Tree Marr, Robert Caputo,
Teresa Caputo and Richard Loeb, aka The Shandorf Group,

    Plaintiffs,

Vs.

MCZ/Centrum Florida XIX, LLC, a Delaware limited liability
Company, its successors and/or assigns,
MCZ/Centrum Florida III Owner, LLC ,
MCZ/Centrum Florida XVIII, LLC, Felberbaum and Associates, P.A.
The Carlyle Group, MHI Hospitality Corporation, Resource
Title Company, and MHI Hollywood, LLC, and Fortune Development
And Sales.

    Defendants.

_____/

## COMPLAINT

Plaintiffs are acting as a group, through their group leader, John Shandorf, and are proceeding in this matter on a pro-se basis.

1. This court has jurisdiction over this proceeding per 28 U.S.C. section 1332 + 1146(a)-(b), as the parties are residents of different states and the civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

2. The Plaintiffs, known as the Shandorf Group are comprised of 11 individuals, 9 are domiciled in the state of NY, 1 in Minnesota and 1 in Florida. The defendants are comprised of several corporations, most of which are based in South Florida and the cause of action arose in Dade and Broward Counties.

3. The Shandorf group, executed Purchase Agreements with MCZ Centrum, on Sian Resort Residences/Condominium "Sian", a condominium hotel resort in Hollywood, Florida. The following are the unit numbers, names of contract holders, and amount being held in deposit:

| | |
|---|---|
| Unit 316, John Shandorf & Jeffrey Shandorf | $22,490.00 |
| Unit 716, John Shandorf & Jeffrey Shandorf | $26,990.00 |
| Unit 416, Vincent Dimino | $23,490.00 |
| Unit 616, Lauren Horwitz | $25,490.00 |
| Unit 418, Anthony Brasco & Gregory Caruso | $24,490.00 |
| Unit 622, Robert Valenti | $25,490.00 |
| Unit 833, Leslie Tree Mar | $27,990.00 |
| Unit 218, Robert Caputo & Richard Loeb | $25,490.00 |
| Unit 219, Robert Caputo & Richard Loeb | $25,490.00 |
| Unit 619, Robert Caputo & Richard Loeb | $26,490.00 |
| Unit 215, Teresa Caputo | $25,490.00 |
| **TOTAL ESCROW DEPOSITS:** | **$256,900.00** |

4. The Shandorf group was prepared to close on their individual units, as instructed by several letters by the MCZ and their attorneys, in May of 2007. In June of 2007, several members of the Shandorf Group were contacted by Fortune Development and Sales and told that the MCZ the Developer was going to allow us to transfer our deposits to another of their projects, namely the Flamingo in South Beach because MCZ felt that no one was going to be able to get mortgages on the Sian project. The Shandorf group felt something was amiss and started to inquire with the project, the developer, the Crowne Plaza Hotel, the hotel staff, the Fortune Sales employees and Felberbaum and Associates. The Shandorf Group was all told the same story that if they wanted any information they would have to contact Michael Sadov, the director of Sales for Fortune Development and Sales. Repeatedly the Shandorf Group was told by Mr. Sadov that they would be able to transfer the deposits to another project, but they needed to act within a deadline, never being told the truth that the project was sold and that the deposits would be returned.

5. The Shandorf Group finally made contact with the original sales and marketing firm and were told that they think the entire project had been sold to the Hotel directly. Soon thereafter, a simple search of Google showed that in early June of 2007, a press release was issued by MCZ Centrum stating that they were selling the condo hotel project to The Carlyle Group and to MHI hospitality for 78 million dollars and that MCZ was extinguishing the condominium portion of the project, thereby cancelling all purchase agreements unilaterally.

6. It became apparent that all of the defendants were acting together to try and hide the fact that the project was being sold because they did not want the contract holders to make any problems before the sale could be completed to the Carlyle Group and MCI hospitality. Additionally, MCZ was trying to persuade Sian contract holders to move their deposits to their other projects by misleading them as to why there were doing it and not telling them that they would be eligible to have their deposits returned should the hotel be sold.

7. Finally, MCZ and the rest of the defendants had to officially give notice to the contract holders and the Shandorf group that the project was no longer going to be a condo-hotel. MCZ instructed Felberbaum and Associates to write a fraudulent letter claiming the project could not be completed because of bank funding problems and that the deposits would be returned, only if the contract holders signed a release, releasing MCZ of all future claims. The absurdity of this is that they gave a two week window to ask for your deposit back, but completed the final sale of the hotel to the Carlyle Group several days before their own deadline to the contract holders. Additionally, The Shandorf Group already had their "walk through" of their units and saw the completed project, plus were hounded about getting ready for closings, but still in August of 2007, Felberbaum and MCZ wrote a deceptive letter stating that the project could not be completed while all along and 3 months prior they issued a press release stating the project had been sold and they voluntarily extinguished the condominium portion of the project.

8. The Shandorf Group called Felberbaum and associates and asked why they would write such a deceptive letter, since months before they were being hounded to be ready to close as the project was completed and then 3 months later are told in the fraudulent letter that the project is not completed, all the while knowing it was sold. Felberbaum employees did not have any explanation.

9. The Shandorf Group maintains they are ready, willing and able to close on their respective units. The purchase agreements remain valid and enforceable and expect MCZ to honor the agreement. MCZ intentionally took away the Shandorf Group's opportunity to perform and in doing so breached the agreements.

10. MCZ used the deposits by the Shandorf Group to obtain and finance the construction of the condo-hotel, intentionally breached the agreements and without notice sold the completed project to the Carlyle Group, et al for millions of dollars, while simultaneously directing it marketing agent to conceal the hotel purchase and sale from the contract holders.

11. The Shandorf Group consists of very savvy and sophisticated investors who were looking to invest in the condo-hotel project for significant return on their investments and long term appreciation in conjunction with the hotel management's rental program which would market the units worldwide through the Crowne Plaza Hotel Chain.

12. The Carlyle Group and MHI Hospitality, knew the condo hotel project was successful and ready for completion as they were actively marketing the hotel rental program to all contract holders of the project. They participated in concert with MCZ to intentionally and willfully breach the agreements by buying the project as a hotel. They had full knowledge that there were 250 plus contracts out on the project for the past two years. MCZ did not have the unilateral right to terminate the agreements. Additionally, MCZ in concert with Felberbaum and associates, wrote a fraudulent letter to induce the Shandorf Group and other contract holders to take back their deposits based on misleading information. The contract clearly states that MCZ could only terminate the contracts if they did not pre-sell 50% of the project and if notice was given within 180 days of the contract date. Both tests fail as more than 75% were sold and the notice to terminate was given more than a year after the contract date. That is why they had to concoct a fraudulent story as to why the completed project could not be completed. MCZ was required to honor the agreements and establish the condominium.

13. The Shandorf Group believes that MCZ acted intentionally and to defraud, but also that MCZ and the Carlyle Group acted in concert with MCZ in a deceptive manner intended to deceive the Shandorf Group.

14. All defendants' intentional and fraudulent actions have deprived the Shandorf group of their deposits which are being unlawfully held, the investment opportunity was usurped and the opportunity to have their units appreciate has been taken, all while MCZ has used the deposits to finance the project and sell it to the highest bidder, the Carlyle Group and MHI hospitality.

15. The defendants acted in a conspiracy to willfully defraud and engaged in misrepresentation, interference with contractual relations, loss of income, loss of opportunity, illegal contraction, unfair trade practices, deceit and a variety of SEC violations. At a minimum the defendant's actions amount to civil claims of breach of contract, specific performance, interference with contract, fraud, civil RICO, deceptive and unfair trade practices and civil theft.

16. The Shandorf group asks the court to set aside the sale of the hotel or project from MCZ to the Carlyle Group and MHI as it was facilitated through fraud, and the other 200 plus contract holders be notified of the

truth, Specific Performance and the right to close on our respective units as the contracts were illegally terminated by fraud and misrepresentation, a share in the profits of the sale to the Carlyle Group and MHI as the project was completed only because of the contract holder's deposits and contracts facilitated the construction loans, lost profits on the appreciation of the units and the overall investment, lost profits on the day to day rental program that has been very successful with very high occupancy rates, interest on the deposits being held, combined with Punitive damages and Treble damages, and whatever additional relief the court deems proper. There are 11 units involved in this complaint, based on the above, the Shandorf Group is asking that each unit be awarded $300,000 plus interest on the deposit. Treble damages would put each unit up to $900,000, plus punitive damages, as the court or jury deems adequate, plus costs, expenses, legal fees any other expenditures in furtherance of this complaint.

August 14, 2008

Respectfully Submitted,

*[signature]*
John Shandorf, pro se for the Shandorf Group
John.Shandorf@stanleycapital.com
152 E. 84th Street #5D
New York, NY 10028
917 572-7711

*[signature]*
Jeffrey Shandorf

*[signature]*
Vincent Dimino

*[signature]*
Lauren Horwitz

*[signature]*
Anthony Brasco

_____
Gregory Caruso

_____
Robert Valenti

_____
Leslie Tree Marr

_____
Richard Loeb

_____
Robert Caputo

_____
Teresa Caputo

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by Overnight mail to all parties or their counsel on the attached service list.

SERVICE LIST

1. MCZ/Centrum, counsel of record. Holland & Knight, LLP, 701 Brickell Avenue, Suite 3000, Miami, FL 33130. Attn. James Wing and Robert Watson.

2. Felberbaum and Associates, P.A., Attn. Rick Felberbaum, Esq. Felberbaum & Associates, P.A. and Resource Title Company, 399 S. Federal Highway Boca Raton, FL 33432. Telephone: (561) 391.8600 Fax: (561) 391.7010

3. The Carlyle Group, Attn. Legal Department, Philllips Point West Tower, 777 South Flagler Drive, West Palm Beach, FL 33401, 561 273-6020

4. MHI Hospitality Group, MHI Hollywood, LLC, 4801 Courthouse Street, Suite 201, Williamsburg, VA 23188, Attn. Julia F. Connolly, compliance officer. Phone: 757-229-5648 Fax: 757-564-8801

5. Fortune Development and Sales,

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** JOHN SHANDORF, JEFFREY SHANDORF, Vincent Dinino, Lauren Horwitz, Anthony Brasco, Gregory Caruso, Robert Valentin, Leslie Treeman, Robert Caruso, Teresa Caruso, Richard Loeb

**DEFENDANTS** MCZ CENTRUM XIX, III, XVIII, Felterbaum and Associates P.A., THE CARLYLE GROUP, MHI Hospitality Corp., MHI Hollywood LLC, Fortune Development Sales

**(b) County of Residence of First Listed Plaintiff** NEW YORK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
PRO-SE - JOHN SHANDORF
152 E. 84th ST, #5D
NYC, NY 10028    917 572-7711

Attorneys (If Known) JAMES WING, Robert Watson
Holland & Knight
701 Brickell Ave, #3000 Miami, FL 33136

**(d) Check County Where Action Arose:** ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08 CN 61314 - Cohn-Seltzer

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | PERSONAL INJURY ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | |
| ☐ 196 Franchise | | | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | | **IMMIGRATION** ☐ 462 Naturalization Application ☐ 463 Habeas Corpus-Alien Detainee ☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE                              DOCKET NUMBER

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. 1332, Federal Diversity Jurisdiction

LENGTH OF TRIAL via 7 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 75,000 +    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE    SIGNATURE OF ATTORNEY OF RECORD s/ John Shay Pro-Se For the Group    DATE

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 543935    IFP