UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 08-CIV-61314-COHN/SELTZER

JOHN SHANDORF, JEFFREY SHANDORF,
VINCENT DIMINO, LAUREN HORWITZ,
ANTHONY BRASCO, GREGORY CARUSO,
ROBERT VALENTI, LESLIE TREE MARR,
ROBERT CAPUTO, TERESA CAPUTO, and
RICHARD LOEB, all individually,

  Plaintiffs,

v.

MCZ/CENTRUM FLORIDA XIX, LLC; MCZ/
CENTRUM FLORIDA III OWNER, LLC;
MCZ/CENTRUM FLORIDA XVIII, LLC;
FELBERBAUM & ASSOCIATES, P.A.; THE
CARLYLE GROUP, INC.; MHI/CARLYLE SIAN
OWNER 1, LLC; MHI HOTELS, LLC; MHI
HOTELS SERVICES, LLC; MHI HOSPITALITY
TRS, LLC; RESOURCE TITLE COMPANY; MHI
HOLLYWOOD, LLC; and FORTUNE
DEVELOPMENT AND SALES,

  Defendants.
_____/

## MCZ/CENTRUM DEFENDANTS' MOTION TO DISMISS
## AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 9(b) and 12(b)(6), Fed. R. Civ. P., and Rule 7.1, L.R. S.D. Fla., Defendants MCZ/Centrum Florida XIX, LLC ("Florida XIX"), MCZ/Centrum Florida III Owner, LLC ("Florida III Owner"), and MCZ/Centrum Florida XVIII, LLC ("Florida XVIII" and, together with Florida III Owner and Florida XIX, the "MCZ/Centrum Defendants") hereby move this Court to enter an Order dismissing the

Amended Complaint filed by "the Shandorf Group." Because this Court lacks subject matter jurisdiction over the acton, and because even if subject matter jurisdiction existed, the Amended Complaint would still be subject to dismissal for a number of other reasons, the Court should grant this motion.

## BACKGROUND

According to the Amended Complaint, eleven individual "Plaintiffs are acting as a group, through their group leader, John Shandorf, and are proceeding in this matter on a pro-se basis." Am. Compl., DE#5, at p. 1. Plaintiffs call themselves the "Shandorf Group."

The Amended Complaint alleges that each member of the Shandorf Group "executed Purchase Agreements with MCZ Centrum on Sian Resort Residences/Condominium . . ., a condominium hotel resort in Hollywood, Florida." Id. at ¶ 3.[1] (None of the referenced "Purchase Agreements" are attached to the Amended Complaint.) The Amended Complaint further alleges that "[t]he Shandorf Group was prepared to close on their individual units . . . in May of 2007" but that "[i]n June of 2007, several members of the Shandorf Group were contacted by Fortune Development and Sales and told that the MCZ[2] the Developer [sic] was going to

---

[1] For purposes of this Motion to Dismiss only, the MCZ/Centrum Defendants accept as true the factual allegations of the Amended Complaint. See, e.g., Hishon v. King & Spaulding, 469 U.S. 69, 73 (1984); see also Adams Partners, Inc. v. Bentley Motors, Inc., 2007 WL 1812278, at *1 (S.D. Fla. June 22, 2007) ("For the purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. Regardless of the facts alleged, however, a court may dismiss a complaint on a dispositive issue of law.") (internal citation omitted) (unpub'd).

[2] Although in the Amended Complaint Plaintiffs have named three separate "MCZ/Centrum" entities (viz., Florida III Owner, Florida XVIII, and Florida XIX), Plaintiffs

allow" the Shandorf Group to transfer their respective deposits from the Sian Resort project "to another of their projects . . . because MCZ felt that no one was going to be able to get mortgages on the Sian project." Id. at ¶ 4.

According to the Amended Complaint, this information was inaccurate, and designed to conceal the fact that "MCZ Centrum . . . [was] selling the condo hotel project to The Carlyle Group and to MHI [H]ospitality for 78 million dollars and that MCZ was extinguishing the condominium portion of the project, thereby cancelling all purchase agreements unilaterally." Id. at ¶ 5. Moreover, "[t]he Shandorf Group believes that MCZ acted intentionally and to defraud, but also that MCZ and the Carlyle Group acted in concert with MCZ in a deceptive manner intended to deceive the Shandorf Group. Id. at ¶ 13.

On the basis of these general allegations, the Shandorf Group "asks the court to set aside the sale of the hotel or project from MCZ to the Carlyle Group and MHI," that they be awarded "Specific Performance and the right to close on our respective units," and (confusingly, in light of their prayer that the sale be set aside) that they be granted as damages "a share in the profits of the sale to the Carlyle Group and MHI" and other "lost profits" on the condominium units in question. Id. at ¶ 16.

As explained below, this action should be dismissed.

---

make no attempt in their factual allegations to separate the three entities with respect to the claimed conduct, statements, or activities at issue. Rather, Plaintiffs simply (and obliquely) allege the conduct, statements, or activities of "MCZ" or "MCZ Centrum."

<u>MEMORANDUM OF LAW</u>

The Amended Complaint is subject to dismissal for a number of independent but equally meritorious reasons.  First, the Amended Complaint should be dismissed because this Court lacks subject matter jurisdiction (which the Shandorf Group predicates on diversity jurisdiction) over this matter because there is no complete diversity of the parties hereto.  Second, the Amended Complaint should be dismissed because, while focused on alleged fraud, the allegations of such fraud are conclusory and fall far short of the requirement that fraud-based claims be pled with specificity.  Third, the Amended Complaint should be dismissed because the "group leader," John Shandorf – a former Florida lawyer effectively disbarred due to a conviction on myriad federal felony counts – cannot file or maintain the action on behalf of the "Shandorf Group."  These points, each of which is independently sufficient to mandate dismissal of the Amended Complaint, are addressed in turn below.

  I. <b>Because there Is No Complete Diversity of the<br>Parties, this Court Lacks Subject Matter Jurisdiction<br><u>Over this Action and the Amended Complaint Should Be Dismissed</u></b>

According to the express allegations of the Amended Complaint, this Court has subject matter jurisdiction over this action based on diversity jurisdiction. <u>See</u> Am. Compl., at ¶ 1 ("This court has jurisdiction over this proceeding per 28 U.S.C. section 1146(a)-(b), as the parties are residents of different states and the civil action in which [<u>sic</u>] the matter in controversy exceeds $75,000, exclusive of interest and costs.").[3]  The remaining allegations, however, squarely confirm otherwise.

---

[3] Although the reference to 28 U.S.C. § 1446 is erroneous (that section dealing with removal of actions from state court to federal court, which circumstance this case does not

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In this regard, the law is well established that "[d]iversity jurisdiction, as a general rule, requires complete diversity – every plaintiff must be diverse from every defendant." Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994) (emphasis added) (citing Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267 (1806)); see also MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff."). With respect to corporate parties, "a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." MacGinnitie, 420 F.3d at 1239.

Applied to the allegations of the Amended Complaint, these controlling legal principles confirm that this Court lacks subject matter jurisdiction over this action. The Amended Complaint alleges that of the eleven members of the "Shandorf Group," "9 are domiciled in the state of New York, 1 in Minnesota and 1 in Florida." Am. Compl., at ¶ 2 (emphasis added). The Amended Complaint further alleges that "[t]he defendants are comprised of several corporations, most of which are based in South Florida." Id. (emphasis added). Accordingly, pursuant to the express allegations of the Amended Complaint, at least one individual plaintiff is a citizen of

---

present), it is clear from the remainder of the allegations of Paragraph 1 that the Shandorf Group is predicating jurisdiction on claimed grounds of diversity. In addition, the original Complaint's jurisdictional allegation included a handwritten notation that added Section 1332 (the diversity provision) to the jurisdictional allegation. See Compl., DE#1, at ¶ 1.

5

Florida, multiple corporate defendants are deemed to be citizens of Florida, and "complete diversity" is lacking. As such, this Court lacks subject matter jurisdiction over this action, and the action should be dismissed.[4]

### II.    Because the Amended Complaint Is Based on Allegations of Fraud, but Fails to Plead Fraud with the Requisite Specificity, the Amended Complaint Should Be Dismissed

Second, even if this Court had subject matter jurisdiction over this matter (which it does not), the Amended Complaint would still be subject to dismissal for failing to satisfy basic pleading requirements concerning fraud-based claims.[5]

Under Rule 9(b), "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As the Eleventh Circuit has confirmed on myriad occasions, the "particularity" requirement "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior," such as those at

---

[4]    On the jurisdictional question, it also is doubtful whether, assuming diversity of citizenship did exist (which it does not), the amount in controversy requirement would be satisfied. The Amended Complaint alleges that "[a]ll defendants' intentional and fraudulent actions have deprived the Shandorf group [sic] of their deposits which are being unlawfully withheld." Am. Compl., at ¶ 14. The Amended Complaint further enumerates the eleven individual plaintiffs' respective deposits, the maximum of which is claimed to be $27,990. See id. at ¶ 3. Because federal courts cannot "aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit" except in circumstances not applicable here, Leonard v. Enterprise Rent a Car, 279 F.3d 967, 974 (11th Cir. 2002), it is questionable whether the allegations reveal that any individual plaintiff legitimately alleges an amount in controversy in excess of the jurisdictional threshold.

[5]    It is patent that the gravamen of the Amended Complaint is alleged fraud.

issue here.  Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations and citation omitted).  Further,

> [t]o satisfy Rule 9(b)'s "particularity" standard, [courts in the Eleventh Circuit] generally require that a complaint identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gains [sic] by the alleged fraud.

West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86, 2008 WL 2845215, at *3 (11th Cir. July 24, 2008) (citing Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007)) (per curiam) (unpub'd).  Significantly for present purposes, "[i]n a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." Id., 2008 WL 2845215, at *4 (emphases added).  Here, the allegations of the Amended Complaint fall well short of the required particularity mark.

Most significantly, the allegations of the Amended Complaint utterly fail to distinguish between the three MCZ/Centrum Defendants.  The Amended Complaint opaquely alleges that "[t]he Shandorf Group executed Purchase Agreements with MCZ Centrum," Am. Compl., at ¶ 3; that "MCZ" then tried "to persuade Sian contract holders to move their deposits to their other deposits by misleading them a to why they were doing it," id. at ¶ 6; and finally that "MCZ instructed Felberbaum and Associates to write a fraudulent letter claiming the project could not be completed because of bank funding problems." Id. at ¶ 7.  Nowhere is any attempt made to define which statements and actions, if any, were undertaken by Florida III

7

Owner, Florida XVIII, and/or Florida XIX – all of which Plaintiffs chose to name as Defendants. In this manner, the Amended Complaint violates Rule 9(b)'s "particularity" requirement by failing to "contain specific allegations with respect to each defendant['s]" role in the claimed "fraud." West Coast Roofing, 287 Fed. Appx. at 86, 2008 WL 2845215, at *4 (emphasis added). Quite to the contrary, the Amended Complaint contains nothing more than "generalized allegations 'lumping' multiple defendants together," which the Eleventh Circuit has confirmed to be "insufficient" to state a fraud-based claim upon which relief may be granted. Id.

In short, the Amended Complaint fails to comply with the "particularity" standard required by the Federal Rules and by the precedent of this Circuit. For this reason, and because the "particularity" requirement "serves an important purpose in fraud actions" that should be upheld here, Ziemba, 256 F.3d at 1202, the Amended Complaint should be dismissed. See West Coast Roofing, 287 Fed. Appx. at 91, 2008 WL 2845215, at *7 ("[W]e conclude that the District Court properly dismissed all fraud-based claims" against two defendants for failure to comply with the "particularity" pleading requirement).

### III. Because the "Shandorf Group" Cannot Bring an Action Through a Disbarred Former Florida Lawyer, the Amended Complaint Should Be Dismissed

Finally, even if this Court had subject matter jurisdiction over this matter (which it does not), and even if the Amended Complaint did not violate the well-established pleading requirements for fraud-based claims (which it does), the

8

Amended Complaint would <u>still</u> be subject to dismissal due to the serious representation issues concerning the "Shandorf Group."

In bringing this action, the members of the Shadorf Group claim that they are "acting as a group, through their group leader, John Shandorf, and are proceeding in this matter on a pro-se basis." Am. Compl., DE#5, at p. 1. However, though he once was a lawyer, John Shandorf is not currently a lawyer in good standing of this or any other state bar. <u>See</u> Felberbaum's and Resource Title's Notice of Filing Exhibit, DE#24, at Exh. A (confirming that in December 2002, John Shandorf was allowed to take a "disciplinary resignation," which "is tantamount to disbarment"). The basis for this disciplinary resignation was John Shandorf's conviction, upheld on appeal, "of 22 counts of conspiracy and bribery, in violation of 18 U.S.C. §§ 371 and 201(b)(2)(A)." <u>United States v. Shandorf</u>, 20 Fed. Appx. 50, 52, 2001 WL 1178797, at *1 (2d Cir. Oct. 3, 2001).

Given these circumstances, case law confirms that John Shandorf cannot represent the "Shandorf Group" in this action. <u>See</u>, <u>e.g.</u>, <u>Neilson v. State</u>, 181 F.3d 102, 1999 WL 313854, at *1 (6th Cir. May 3, 1999) ("In federal court, a party may represent himself or be represented by an attorney, but cannot be represented by a non-lawyer.") (unpub'd); <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966) ("McShane is not an attorney. While he may appear in propia persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself.").[6] Moreover, a document signed by a non-lawyer putatively

---

[6] Incredibly, John Shandorf continues to take action on behalf of the "Shandorf Group" even after being expressly advised of the prohibition on such activity at the

9

"on behalf of" other unrepresented parties, such as the Amended Complaint signed by John Shandorf "pro se for the Shandorf Group," see Am. Compl., at p. 5 (signature block), is "invalid." Cuellar v. Johnson, 174 F.3d 198 (5th Cir. 1999) (holding that a notice of appeal that was signed on behalf of a pro se party by an individual "who does not appear to be a licensed attorney in the state of Texas" was "invalid") (unpub'd).

Accordingly, because the Amended Complaint, which alleges to be presented to the Court by a non-lawyer "on behalf of the Shandorf Group," is invalid, it should be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court should enter an Order granting this motion and dismissing the Amended Complaint.

Respectfully submitted,

MURAI, WALD, BIONDO
& MORENO, P.A.
Attorneys for the MCZ/Centrum
Defendants
Two Alhambra Plaza, Penthouse 1B
Coral Gables, Florida 33134
Telephone: (305) 444-0101
Facsimile:  (305) 444-0174


By:_____s/ Allen P. Pegg_____.
       Allen P. Pegg
       Fla. Bar No. 0597821

---

November 17, 2008, scheduling conference held in this matter. See Notice of Dismissal, DE#30 (signed only by John Shandorf); Request for a Default, DE#31 (signed only by John Shandorf). If John Shandorf were not impermissibly attempting to represent all eleven individual plaintiffs, and each was proceeding in his or her individual pro se capacity, the individual plaintiffs would have had to have signed these documents themselves. Non-lawyer John Shandorf could not, as he has done, undertake these actions unilaterally.

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing MCZ/Centrum Defendants' Motion to Dismiss the Amended Complaint was electronically filed with the Clerk of Court by using the CM/ECF system and was furnished by <u>email</u> and <u>U.S. Mail</u> this 26th day of November, 2008, to John Shandorf, 152 E. 84th Street, Apt. 5D, New York, NY 10028.

s/ Allen P. Pegg