## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

John Shandorf, Jeffrey Shandorf,                    CASE NO: 08-CV-61314-COHN/SELTZER
Vincent Dimino, Lauren Horwitz,
Anthony Brasco, Gregory Caruso,
Robert Valenti, Leslie Tree Marr,
Robert Caputo, Teresa Caputo and
Teresa Caputo and Richard Loeb
aka The Shandorf Group,

            Plaintiffs,

vs.

MCZ/Centrum Florida XIX, LLC., a
Delaward limited liability Company,
its successors and/or or assigns,
MCZ/Centrum Florida III Owner, LLC,
MCZ/Centrum Florida XVIII, LLC,
Felberbaum and Associates, P.A.
The Carlyle Group, Inc., MHI/Carlyle
Sian Owner 1, LLC, MHI Hotels, LLC,
MHI Hotels Services, LLC MHI Hospitality
TRS, LLC, Resource Title Company,
and MHI Hollywood, LLC, and
Fortune Development And Sales

            Defendants.

_____/

## MOTION TO DISMISS AMENDED COMPLAINT AND THIRD AMENDED COMPLAINT OF DEFENDANTS FELBERBAUM AND RESOURCE TITLE

    Defendants, FELBERBAUM AND ASSOCIATES, P.A. ("FELBERBAUM") and

RESOURCE TITLE COMPANY, INC., ("RESOURCE") by and through their undersigned

attorneys hereby move this Court pursuant to Rule12 and other applicable rules of the

Federal Rules of Civil Procedure for entry of an order dismissing both the Amended

Complaint of JOHN SHANDORF and the Third Amended Complaint of the other named

Plaintiffs. In support, Defendants FELBERBAUM and RESOURCE state:

1.     This is an action brought by numerous Plaintiffs against several Defendants based upon allegations that the developer of a certain condominium project sold the entire project to another entity and in the course of doing so, attempted to cancel contracts with the Plaintiffs to buy individual units.

2.     Initially, Plaintiff JOHN SHANDORF filed a Complaint on behalf of all Plaintiffs.  However, JOHN SHANDORF is not an attorney so the Complaint was stricken. The remaining Plaintiffs then retained counsel and filed a Third Amended Complaint. JOHN SHANDORF filed his own Amended Complaint separately.   For all of the following reasons, both complaints should be dismissed.

3.     First, there is no federal jurisdiction in this Court.  Plaintiffs allege that there is diversity jurisdiction.  However, Plaintiffs further allege that one of the Plaintiffs is a Florida resident and that several of the Defendants are also Florida residents.  As a result, there is a lack of complete diversity as required under 28 U.S.C. 1332.

4.     Furthermore, it is procedurally improper to file separate complaints in the same action. In order to file separate complaints, separate actions should have been instituted by the approximate eleven separate plaintiffs, as the plaintiffs each have different and distinct claims based upon separate contracts. Moreover, the Third Amended Complaint asserts claims based upon separate and distinct contracts; however, Plaintiffs failed to attach any of the contracts or other documents upon which their claims are allegedly based.  As a result, the Third Amended Complaint should be dismissed.

5.     Furthermore, JOHN SHANDORF has filed as separate action from Plaintiff JEFFREY SHANDORF.  However, JOHN SHANDORF alleges that he purchased two

separate units together with JEFFREY SHANDORF.  Yet they have filed separate claims in separate complaints. This is akin to improperly splitting causes of action, which is procedurally improper.  Alternatively, even if it is not technically splitting of causes of action, it is still an improper pleading practice.

6.      Rule 10(b) F.R.C.P. requires that separate claims be stated separately.  In this case, all Plaintiffs have made claims based upon theories of fraud, conspiracy, civil RICO, deceptive trade practices and other distinct claims.  However, Plaintiffs have improperly alleged their various claims all in one count.  Likewise, Plaintiffs have failed to specify which defendants are alleged to have committed such acts, or which specific claims of any of the plaintiffs are brought against which defendants. This is also an improper pleading practice under Rule 10(b) F.R.C.P.

7.      In addition, Plaintiffs have alleged claims for violations under the RICO Statutes. However, they neither properly allege the acts which could constitute such claims nor that they served proper notices and complied with all other conditions precedent to bring such claims. As a result, such actions must be dismissed.

8.      Lastly as to Defendants FELBERBAUM and RESOURCE, Plaintiffs have apparently attempt to allege a claim for fraud on the basis that they assert that a letter was sent by FELBERBAUM which was false.  Plaintiffs further allege that the letter was sent at the direction of the developers or other Defendants. However,  nowhere in the pleadings was it alleged that FELBERBAUM as the proposed closing agents knew that the contents of the letter were false.  Under Rule 9(b), F.R.C.P., such allegations must be made with particularity.  However, not only are the allegations not plead specifically, but there is no allegation that these Defendants knew that any of their statements were allegedly false.

As a result, both complaints must be dismissed.

## Memorandum of Law

### I. Lack of Jurisdiction

Under 28 U.S.C. 1332, the District Courts have jurisdiction over actions which are between citizens of different states.  In order for federal jurisdiction to exist, there must be complete diversity of citizenship. <u>Caterpillar, Inc. vs. Lewis,</u> 519 U.S. 61, 117 S.Ct. 467 (1996).  Here, it is specifically alleged that one of the Plaintiffs and several of the Defendants are Florida residents.  Therefore, there is a failure of complete diversity and this action must therefore be dismissed for lack of federal jurisdiction.

### II. Pleading Deficiencies

Both the Amended Complaint of JOHN SHANDORF and Third Amended Complaint of the other Plaintiffs violate various pleading rules.  First, both complaints make various claims against unspecified defendants.  Rule 10(b) F.R.C.P. requires that a party must state its claims in separate counts and defenses.  <u>See, e.g., Dennis v. City of North Miami,</u> 2008 WL 783737 (S.D. Fla. 2008).  In this case, Plaintiffs have commingled claims based upon fraud, alleged RICO violations, unfair and deceptive trade practices, breach of contract and other claims, all into one count.

Second, there are two separate complaints filed.  Defendants should only be required to respond to one pleading.

Third, in the Third Amended Complaint, there are claims made by the eleven separate Plaintiffs against numerous Defendants. Yet, Plaintiffs fail to allege which

Defendants committed which acts as to which Plaintiff.  This is all in violation of Rule 10(b) and other applicable pleading rules.

### III. Other Specific Claims

Plaintiffs have also failed to allege the requisite elements of each of the various claims.   For example, the fraud claims alleged against both FELBERBAUM and RESOURCE fail to state a cause of action. One of the elements of fraud is knowledge by the representing party that such statements are false.   See, e.g, Yusem v. Butler, 966 So.2d 405 (Fla. 4th DCA 2007).  In these complaints, the Plaintiffs allege that  a co-defendant developer told FELBERBAUM to send a letter concerning the status of development.   However, nowhere in either of the complaints is it alleged that FELBERBAUM, its attorney and/or closing agent, knew that the information provided and sent was false.

In addition, Plaintiffs make the general allegations that Defendants somehow violated RICO statutes. However, Defendants failed to identify any particular acts or even any particular statutes that these defendants allegedly violated.  Therefore, it is impossible for Defendants to determine whether the requisite elements have been plead, much less frame a defense.

Based upon all of the foregoing, both JOHN SHANDORF'S Amended Complaint and the remaining Plaintiffs' Third Amended Complaint should be dismissed.

WHEREFORE, Defendants, FELBERBAUM & ASSOCIATES, P.A., and RESOURCE TITLE COMPANY, INC., respectfully request this Court enter an Order dismissing this action, with prejudice and award Defendants their reasonable attorneys fees and costs incurred herein and for any other and further relief this Court deems just

and proper.

        I HEREBY CERTIFY that on January 19, 2009, I electronically filed the foregoing document with the Clerk of the Court using DM/ECF. I also certify that the foregoing document is being served this day on all counsel for record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


                                                By:   /s/ David M. Beckerman
                                                        David M. Beckerman, Esq.,
                                                        Florida Bar No: 324477



**SERVICE LIST**

John Shanforf, pro se
John.Shandorf@Stanleycapital.com
152 E. 84th Street, #5D,
New York, NY 10028
(917) 572-7711
Pro Se

Allen Paige Pegg
Murai Wald Biondo Moreno & Brochin
2 Alhambra Plaza
Penthouse B
Coral Gables, FL 33134
(305) 444-0101 Office
(305) 444-0174
apegg@mwbm.com
Attorney for: MCZ/Centrum Florida XIX, LLC

Olga De Los Santos, Esq., LLM
General Counsel Fortune International
1300 Brickell Avenue
Miami, FL 33131
(305) 351-0991 office
(305) 351-0990 fax
Olga@fortune-network.com
Attorney for: Fortune International

Patricia Cassells, Esq.,
Patricia Cassells and Associates, P.A.
169 E. Flagler Street, Suite 1431
Miami, FL 33131
cassellspatricia@yahoo.com
(305) 373-9672 office
(305) 373-9674 fax


David M. Beckerman, Esq.,
Dbecker86@aol.com
David M. Beckerman, P.A.
7000 West Palmetto Park Road, Suite 500
Boca Raton, FL 33433
Tel: 561-391-6000
Fax: 561-391-6044
Attorneys for Plaintiff, Felberbaum & Associates
and Resource Title,.,
Method of Service: CM/ECF