UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-61314-COHN/SELTZER

John Shandorf, Jeffrey Shandorf,
Vincent Dimino, Lauren Horwitz,
Anthony Brasco, Gregory Caruso,
Robert Valenti, Leslie Tree Marr,
Robert Caputo, Teresa Caputo and
Teresa Caputo and Richard Loeb
aka The Shandorf Group,

      Plaintiffs,

vs.

MCZ/Centrum Florida XIX, LLC., a
Delaware limited liability company,
its successors and/or assigns,
MCZ/Centrum Florida III Owner, LLC,
MCZ/Centrum Florida XVIII, LLC,
Felberbaum and Associates, P.A.
The Carlyle Group, Inc. MHY/Carlyle
Sian Owner 1, LLC, MHI Hotels, LLC,
MHI Hotel Services, LLC MHI Hospitality
TRS, LLC, Resource Title Company and
MHI Hollywood, LLC and
Fortune Development and Sales.

      Defendants.

_____/

**FORTUNE'S MOTION TO DISMISS AMENDED COMPLAINT
AND THIRD AMENDED COMPLAINT**

Defendant, FORTUNE DEVELOPMENT AND SALES ("FORTUNE"), by and through its undersigned attorney, hereby moves this Court pursuant to Rule 12 and other applicable rules of the Federal Rules of Civil Procedure for entry of an order dismissing

1

both the Amended Complaint of JOHN SHANDORF and the Third Amended Complaint of the other named Plaintiffs.   In support, Defendant FORTUNE states:

1.	This is an action brought by numerous Plaintiffs against several Defendants based upon allegations that the developer of a certain condominium project sold the entire project to another entity and in the course of doing so, attempted to cancel contracts to buy individual units with the Plaintiffs.

2.	Initially, Plaintiff JOHN SHANDORF filed a Complaint on behalf of all Plaintiffs.  However, JOHN SHANDORF is not an attorney so the Complaint was stricken.  The remaining Plaintiffs then retained counsel and filed a Third Amended Complaint.  JOHN SHANDORF filed his own Amended Complaint separately.  For all of the following reasons, both complaints should be dismissed.

3.	First, there is no federal jurisdiction in this Court.  Plaintiffs initially allege that there is diversity jurisdiction however the remaining allegations confirm otherwise because one of the Plaintiffs is a Florida resident and that several of the Defendants are also Florida residents.  As a result, there is a lack of complete diversity as required under 28 U.S.C. 1332.

4.	Furthermore, it is procedurally improper to file separate complaints in the same action.  In order to file separate complaints, separate actions should have been instituted by the approximate eleven separate plaintiffs, as the plaintiffs each have different and distinct claims based upon separate and distinct contracts; however, Plaintiffs failed to attach any of the contracts or other documents upon which their claims are allegedly based.  As a result, the Third Amended Complaint filed by the various plaintiffs should be dismissed.

5. Furthermore, JOHN SHANDORF has filed a separate action from Plaintiff JEFFREY SHANDORF. However, JOHN SHANDORF alleges that he purchased two separate units together with JEFFREY SHANDORF. Yet they have filed separate claims in separate complaints. This is akin to improperly splitting causes o faction, which is procedurally improperly. Alternatively, even if it is not technically splitting of causes of action, it is still an improper pleading practice.

6. Rule 10(b) F.R.C.P. requires that separate claims be stated separately. In this case, all Plaintiffs have made claims based upon theories of fraud, conspiracy, civil RICO, deceptive trade practices and other distinct claims. However, Plaintiffs have improperly alleged their various claims all in one count. Likewise, Plaintiffs have failed to specify which defendants are alleged to have committed such acts, or which specific claims of any of the plaintiffs are brought against which defendants. This is also an improper pleading practice under Rule 10(b) F.R.C.P.

7. In addition, Plaintiffs have alleged claims for violations under the RICO Statutes. However, they neither properly allege the acts which could constitute such claims nor that they served proper notices and complied with all other conditions precedent to bring such claims. As a result, such actions must be dismissed.

8. Lastly as to Defendant FORTUNE, the allegations of and claims for fraud are not plead specifically.

As a result of the foregoing, both complaints should be dismissed.

## MEMORANDUM OF LAW

**I.   Because There Is No Complete Diversity of the Parties, this Court Lacks Subject Matter Jurisdiction Over this Action and the Amended Complaints Should be Dismissed**

Under 28 U.S.C. 1332, the District Courts have jurisdiction over actions which are between citizens of different states. In order for federal jurisdiction to exist, there must be complete diversity of citizenship. Caterpillar, Inc. vs. Lewis, 519 U.S. 61, 117 S.Ct. 467 (1996). Here, it is specifically alleged that one of the Plaintiffs and several of the Defendants are Florida residents. Therefore, there is a failure of complete diversity and this action must therefore be dismissed for lack of federal jurisdiction.

## II.     Because There Are Pleading Deficiencies, the Complaints Should Be Dismissed

Both the Amended Complaint of JOHN SHANDORF and Third Amended Complaint of the other Plaintiffs violate various pleading rules. First, both complaints make various claims against unspecified defendants. Rule 10(b) F.R.C.P. requires that a party must state its claims in separate counts and defenses. See e.g., Dennis v. City of North Miami, 2008 WL 783737 (S.D.Fla.2008). In this case, Plaintiffs have commingled claims based upon fraud, alleged RICO violations, unfair and deceptive trade practices, breach of contract and other claims, all into one count.

Second, there are two separate complaints filed. Defendants should only be required to respond to one pleading.

Third, in the Third Amended Complaint, there are claims made by the eleven separate Plaintiffs against numerous Defendants. Yet, Plaintiffs fail to allege which Defendants committed which acts as to which Plaintiff. This is all in violation of Rule 10(b) and other applicable pleading rules.

4

### III. Because the Amended Complaints are Based upon Allegations of Fraud But Fail to Plead Fraud with the Requisite Specificity, the Amended Complaints Should be Dismissed

Plaintiffs have also failed to allege the requisite elements of each of the various claims. For example, the fraud claims alleged against FORTUNE fail to state a cause of action. One of the elements of fraud is knowledge by the representing party that such statements are false. See, e.g., Ysem v. Butler, 966 So.2d 405 (Fla. 4th DCA 2007). The requirement to plead fraud with specificity serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. In a case with multiple defendants such as this one, the complaints should contain specific allegations with respect to each defendant. Generalized allegations lumping multiple defendants together are insufficient. Here, the allegations of the Amended Complaints fall well short of the required specificity mark.

Based upon all of the foregoing, both JOHN SHANDORF's Amended Complaint and the remaining Plaintiffs' Third Amended Complaint should be dismissed.

WHEREFORE, FORTUNE respectfully requests this Court enter an Order dismissing this action, with prejudice, and award FORTUNE reasonable attorneys fees and costs incurred herein and for any other and further relief this Court deems just and proper.

I HEREBY CERTIFY that on January 19, 2009, I electronically filed the foregoing document with the Clerk of the Court using DM/ECF. I also certify that the foregoing document is being served this day on all counsel of record pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:___/s/_____
Olga De Los Santos, Esq.
Florida Bar No. 817139
Attorney for FORTUNE
1300 Brickell Avenue
Miami, Florida  33131
(305) 351-1000

**SERVICE LIST**

John Shandorf, pro se
John.Shandorf@Stanleycapital.com
152 E. 84th Street, #5D,
New York, NY  10028
(917) 572 7711
Pro Se

Allen Paige Pegg
Murai Wald Biondo Moreno & Brochin
2 Alhambra Plaza
Penthouse B
Coral Gables, Florida  33134
(305) 444 0101 Office
(305) 444 0174
apegg@mwbm.com
Attorney for:  MCZ/Centrum Florida XIX, LLC

David M. Beckerman, Esq.
Dbecker86@aol.com
David M. Beckerman, P.A.
7000 West Palmetto Park Road, Suite 500
Boca Raton, Florida  33433
(561) 391 6000 Office
(561) 391 6044 Telefax
Attorneys for Defendants, Felberbaum & Associates and
Resource Title

Patricia Cassells, Esq.
Patricia Cassells and Associates, P.A.
169 E. Flagler Street, Suite 1431
Miami, Florida  33131
cassellspatricia@yahoo.com
(305) 373-9672 office
(305) 373-9674 fax