# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

## Case No. 08-CIV-61314-COHN/SELTZER

JOHN SHANDORF, JEFFREY SHANDORF,
VINCENT DIMINO, LAUREN HORWITZ,
ANTHONY BRASCO, GREGORY CARUSO,
ROBERT VALENTI, LESLIE TREE MARR,
ROBERT CAPUTO, TERESA CAPUTO, and
RICHARD LOEB, all individually,

      Plaintiffs,

v.

MCZ/CENTRUM FLORIDA XIX, LLC; MCZ/
CENTRUM FLORIDA III OWNER, LLC;
MCZ/CENTRUM FLORIDA XVIII, LLC;
FELBERBAUM & ASSOCIATES, P.A.; THE
CARLYLE GROUP, INC.; MHI/CARLYLE SIAN
OWNER 1, LLC; MHI HOTELS, LLC; MHI
HOTELS SERVICES, LLC; MHI HOSPITALITY
TRS, LLC; RESOURCE TITLE COMPANY; MHI
HOLLYWOOD, LLC; and FORTUNE
DEVELOPMENT AND SALES,

      Defendants.

_____/

## MCZ/CENTRUM DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND THE SHANDORF AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENTS, AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 8(a), 9(b), 10(b), and 12(b)(6), Fed. R. Civ. P., and Rule 7.1,

L.R. S.D. Fla., Defendants MCZ/Centrum Florida XIX, LLC ("Florida XIX"),

MCZ/Centrum Florida III Owner, LLC ("Florida III Owner"), and MCZ/Centrum

Florida XVIII, LLC ("Florida XVIII" and, together with Florida III Owner and Florida

XIX, the "MCZ/Centrum Defendants") hereby move this Court to enter an Order dismissing the Third Amended Complaint filed by ten of the eleven original Plaintiffs who are now represented by counsel (the "Third Amended Complaint," DE #56) and the "Amended Complaint" filed pro se by Plaintiff John Shandorf (the "Shandorf Amended Complaint," DE #57, and together with the Third Amended Complaint, the "Amended Pleadings").  In the alternative, the MCZ/Centrum Defendants move this Court to enter an Order requiring more definite statements.  Because this Court lacks subject matter jurisdiction over the action, and because even if subject matter jurisdiction existed, the Amended Pleadings would still be subject to dismissal or the requirement of more definite statements for a number of other reasons, the Court should grant this motion.

## BACKGROUND

The Amended Pleadings allege that each Plaintiff (eleven of whom are labeled the "Caputo Group" in the Third Amended Compaint) "executed Purchase Agreements with MCZ Centrum . . . on Sian Resort Residences/Condominium . . ., a condominium hotel resort in Hollywood, Florida."  Third Am. Compl., at ¶ 1; Shandorf Am. Compl., at ¶ 3.[1]  The Amended Pleadings further allege that "[t]he Caputo Group [and Shandorf] were prepared to close on their individual units  . . . in May of 2007" but

---

[1]     For purposes of this Motion to Dismiss only, the MCZ/Centrum Defendants accept as true the factual allegations of the Amended Pleadings.  See, e.g., Hishon v. King & Spaulding, 469 U.S. 69, 73 (1984); see also Adams Partners, Inc. v. Bentley Motors, Inc., 2007 WL 1812278, at *1 (S.D. Fla. June 22, 2007) ("For the purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true.  Regardless of the facts alleged, however, a court may dismiss a complaint on a dispositive issue of law.") (internal citation omitted) (unpub'd).

that "[i]n June of 2007, the Caputo Group [and Shandorf] were contacted by Fortune Development and Sales and told that the MCZ[2] the Developer [sic] was going to allow them to transfer their deposits to another of their projects . . . because MCZ felt that the Caputo Group were not going to be able to get mortgages on the Sian project." Third Am. Compl., at ¶ 2; Shandorf Am. Compl., at ¶ 4.

According to the Amended Pleadings, this information was inaccurate, and designed to conceal the fact that an unspecified "MCZ Centrum" entity was "selling the condo hotel project to The Carlyle Group and to MHI [H]ospitality for 78 million dollars and that MCZ was extinguishing the condominium portion of the project, thereby cancelling all purchase agreements unilaterally."  Third Am. Compl., at ¶ 3; Shandorf Am. Compl., at ¶ 5.   Moreover, Plaintiffs "believe[] that MCZ acted intentionally and to defraud, but also that MCZ and the Carlyle Group acted in concert with MCZ in a deceptive manner intended to deceive the Plaintiffs."  Third Am. Compl., at ¶ 11; see also Shandorf Am. Compl., at ¶ 13.

On the basis of these general allegations, Plaintiffs "request that the court to [sic] set aside the sale of the hotel or project from MCZ to the Carlyle Group and MHI," that they be awarded "Specific Performance and the right to close on their respective units," and (confusingly, in light of their prayer that the sale be set aside) that they be granted as damages "a share in the profits of the sale to the Carlyle

---

[2]      Although in the Amended Pleadings Plaintiffs have named three separate "MCZ/Centrum" entities (viz., Florida III Owner, Florida XVIII, and Florida XIX), Plaintiffs make no attempt in their factual allegations to separate the three entities with respect to the claimed conduct, statements, or activities at issue.  Rather, Plaintiffs simply (and obliquely) allege the conduct, statements, or activities of "MCZ" or "MCZ Centrum."

Group and MHI" and other "lost profits on the appreciation of the units and the overall investment."  Third Am. Compl., at p. 8; Shandorf Am. Compl., at ¶ 16.

As explained below, this action should be dismissed.

<u>MEMORANDUM OF LAW</u>

The Amended Pleadings are subject to dismissal for at least two independent but equally meritorious reasons.  First, the Amended Pleadings should be dismissed because this Court lacks subject matter jurisdiction (which both the Caputo Group and Shandorf predicate on diversity jurisdiction) over this matter because there is no complete diversity of the parties hereto.  Second, the Amended Pleadings should be dismissed because, while focused on alleged fraud, the allegations of such fraud are conclusory and fall far short of the requirement that fraud-based claims be pled with specificity.  Finally, and in the alternative, if the pleadings are not dismissed outright, Plaintiffs should be required to file more definite statements in an attempt to cure their patent deficiencies.  Each of these points is addressed in turn below.

I.       **Because there Is No Complete Diversity of the Parties, this Court Lacks Subject Matter Jurisdiction Over this Action and the Amended Pleadings Should Be Dismissed**

According to the express allegations of the Amended Pleadings, this Court has subject matter jurisdiction over this action based on diversity jurisdiction.  <u>See</u> Third Am. Compl., at ¶ 1; Shandorf Am. Compl., at ¶ 1 ("This court has jurisdiction over this proceeding per 28 U.S.C. section 1146(a)-(b), as the parties are residents of different states and the civil action in which [<u>sic</u>] the matter in controversy exceeds

4

$75,000, exclusive of interest and costs.").[3]   The remaining allegations, however, squarely confirm otherwise.

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   In this regard, the law is well established that "[d]iversity jurisdiction, as a general rule, requires <u>complete</u> <u>diversity</u> – <u>every</u> plaintiff must be diverse from <u>every</u> defendant."   <u>Palmer v. Hospital Auth. of Randolph County</u>, 22 F.3d 1559, 1564 (11th Cir. 1994) (emphases added) (citing <u>Strawbridge v. Curtiss</u>, 3 Cranch (7 U.S.) 267 (1806); <u>see</u> <u>also</u> <u>MacGinnitie v. Hobbs Group, LLC</u>, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").   With respect to corporate parties, "a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business."   <u>MacGinnitie</u>, 420 F.3d at 1239.

Applied to the allegations of the Amended Pleadings, these controlling legal principles confirm that this Court lacks subject matter jurisdiction over this action. The Third Amended Complaint alleges that of the ten members of the "Caputo Group," "8 are domiciled in the state of New York, 1 in Minnesota <u>and</u> <u>1</u> <u>in</u> <u>Florida</u>."

---

[3]   Although the reference to 28 U.S.C. § 1146 is erroneous (there being no such provision in Title 28 of the United States Code), it is clear from the remainder of the allegations of Paragraph 1 that Plaintiffs are predicating jurisdiction on claimed grounds of diversity under 28 U.S.C. § 1332.   In addition, the jurisdictional allegation of the original Complaint (which is nearly verbatim to the Third Amended Complaint and the Shandorf Amended Complaint) included a handwritten notation that added Section 1332 (the diversity provision) to the jurisdictional allegation.   <u>See</u> Compl., DE#1, at ¶ 1.

Third Am. Compl., at pp. 1-2 (emphasis added).  The Third Amended Complaint further alleges that "[t]he defendants are comprised of several corporations, <u>most of which are based in South Florida</u>." <u>Id.</u> at p. 2 (emphasis added).  The Shandorf Amended Complaint similarly alleges that "[t]he defendants are comprised of several corporations and partnerships <u>which are incorporated in</u> Delaware, Illinois, Virginia, <u>and Florida</u>."  Shandorf Am. Compl., at ¶ 2 (emphases added).  Accordingly, pursuant to the express allegations of the Amended Pleadings, at least one individual plaintiff is a citizen of Florida, multiple corporate defendants are deemed to be citizens of Florida, and "complete diversity" is inherently lacking.  As such, this Court lacks subject matter jurisdiction over this action, and the action should be dismissed.  <u>See</u>, <u>e.g.</u>, <u>Fritz v. American Home Shield Corp.</u>, 751 F.2d 1152, 1153 (11th Cir. 1985) (affirming dismissal of lawsuit for lack of complete diversity, which the appellate court described as "[o]ne of the oldest and most elementary propositions of federal law").[4]

---

[4]     On the jurisdictional question, it also is doubtful whether, assuming diversity of citizenship <u>did</u> exist (which it plainly does not), the amount in controversy requirement would be satisfied.  The Amended Pleadings allege that "[a]ll defendants' intentional and fraudulent actions have deprived the Caputo Group of their deposits which are being unlawfully held."  Third Am. Compl., at ¶ 12; <u>see also</u> Shandorf Am. Compl., at ¶ 14 (same).  The Amended Pleadings further allege that of the eleven individual plaintiffs' respective deposits at issue, the maximum is $27,990 – well below the $75,000 amount-in-controversy requirement to support diversity jurisdiction.  <u>See</u> Third Am. Comp., at ¶ 1.  Because federal courts cannot "aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit" except in circumstances not applicable here, <u>Leonard v. Enterprise Rent a Car</u>, 279 F.3d 967, 974 (11th Cir. 2002), it is questionable whether the allegations reveal that <u>any</u> individual plaintiff legitimately alleges an amount in controversy in excess of the required jurisdictional threshold.

II. **Because the Amended Pleadings Are Based on Allegations of Fraud, but Fail to Plead Fraud with the Requisite Specificity, the Amended Pleadings Should Be Dismissed**

Second, even if this Court had subject matter jurisdiction over this matter (which it does not), the Amended Pleadings would still be subject to dismissal for failing to satisfy basic pleading requirements concerning fraud-based claims.[5]

Under Rule 9(b), "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As the Eleventh Circuit has confirmed on myriad occasions, the "particularity" requirement "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior," such as those at issue here. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations and citation omitted). Further,

> [t]o satisfy Rule 9(b)'s "particularity" standard, [courts in the Eleventh Circuit] generally require that a complaint identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gains [sic] by the alleged fraud.

West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86, 2008 WL 2845215, at *3 (11th Cir. July 24, 2008) (citing Ambrosia Coal &

---

[5] It is patent that the gravamen of the Amended Pleadings is alleged fraud. See, e.g., Third Am. Compl., at ¶ 11 ("The Caputo Group believes that MCZ acted intentionally and to defraud, but also that MCZ and the Carlyle Group acted in concert with MCZ [sic] in a deceptive manner intended to deceive the Plaintiffs."); ¶ 12 ("All defendants' intentional and fraudulent actions have deprived the Caputo Group of their deposits."); ¶ 13 ("The defendants acted in a conspiracy to willfully defraud."); see also Shandorf Am. Compl., at ¶¶ 13-15 (same).

Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007)) (per curiam) (unpub'd).  Significantly for present purposes, "[i]n a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." Id., 2008 WL 2845215, at *4 (emphases added).  Here, the allegations of the Amended Pleadings fall well short of the required particularity mark.

Most significantly, the allegations of the Amended Pleadings utterly fail to distinguish between the three MCZ/Centrum Defendants.[6]  Merely by way of example (and other examples are numerous), the Amended Pleadings opaquely allege that Plaintiffs "executed Purchase Agreements with MCZ Centrum," Third Am. Compl., at ¶ 1; Shandorf Am. Compl., at ¶ 3; that "MCZ" then tried "to persuade Sian contract holders . . . to move their deposits to their other deposits by misleading them as to why there [sic] were doing it," Third Am. Compl., at ¶ 4; Shandorf Am. Compl., at ¶ 6; that "MCZ and the rest of the defendants had to officially give notice to the contract holders . . . that the project was no longer going to be a condo-hotel," Third Am. Compl., at ¶ 5; Shandorf Am. Compl., at ¶ 7; and finally that "MCZ instructed Felberbaum and Associates to write a fraudulent letter claiming the project could not be completed because of bank funding problems and that the deposits would be returned." Id.  Nowhere is any attempt made to define

---

[6] The continued existence of this manifest pleading deficiency is particularly surprising given that the MCZ/Centrum Defendants made this same argument in their Motion to Dismiss the Amended Complaint.  See DE #34, at pp. 6-8.  Despite having been informed of the impropriety of this obtuse pleading practice, Plaintiffs nonetheless continue to allege only that "MCZ" or "MCZ Centrum" undertook certain actions.  Such willful ignorance of this Court's pleading requirements should not be countenanced.

which statements and actions, if any, were undertaken by Florida III Owner, Florida XVIII, and/or Florida XIX – all of which Plaintiffs chose to name as Defendants.   In this manner, the Amended Pleadings serially violate Rule 9(b)'s "particularity" requirement by failing to "contain specific allegations with respect to <u>each defendant</u>['s]" role in the claimed "fraud." <u>West Coast Roofing</u>, 287 Fed. Appx. at 86, 2008 WL 2845215, at *4 (emphasis added).   Quite to the contrary, the Amended Pleadings contain nothing more than "generalized allegations 'lumping' multiple defendants together," which the Eleventh Circuit has confirmed to be "insufficient" to state a fraud-based claim upon which relief may be granted. <u>Id.</u>

In short, the Amended Pleadings fail to comply with the "particularity" standard required by the Federal Rules and by the precedent of this Circuit.   For this reason, and because the "particularity" requirement "serves an important purpose in fraud actions" that should be upheld here, <u>Ziemba</u>, 256 F.3d at 1202, the Amended Pleadings should be dismissed.  <u>See</u> <u>West Coast Roofing</u>, 287 Fed. Appx. at 91, 2008 WL 2845215, at *7 ("[W]e conclude that the District Court properly dismissed all fraud-based claims" against two defendants for failure to comply with the "particularity" pleading requirement).

### III. In the Event the Amended Pleadings Are Not Dismissed, Plaintiffs Should Be Required to Provide More Definite Statements

Finally, even if this Court had subject matter jurisdiction over this matter (which it does not), and even if the Amended Pleadings did not violate the well-established pleading requirements for fraud-based claims (which they do), the

Amended Pleadings would <u>still</u> be deficient and more definite statements would be required.

Rule 8(a), Fed. R. Civ. P., provides, <u>inter alia</u>, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Similarly, Rule 10(b), Fed. R. Civ. P., states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  The Eleventh Circuit has outlined the rationale behind these commonsense pleading requirements: "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  <u>Anderson v. District Bd. of Trustees of Central Fla. Cmty. College</u>, 77 F.3d 364, 367 (11th Cir. 1996).

Here, the Amended Pleadings neither contain a "short and plain statement of the claim[s]" nor state "each claim . . . in a separate count."  Quite to the contrary, the Amended Pleadings set forth a confusing narrative of alleged events, muddle together the putative actions and statements of the <u>twelve</u> defendants Plaintiffs have named, and baldly allege that "[a]t a minimum the defendant's [<u>sic</u>] actions amount to civil claims of breach of contract, specific performance, interference with contract, fraud, civil RICO, deceptive and unfair trade practices and civil theft."  Third Am. Compl., at ¶ 13; Shandorf Am. Compl., at ¶ 15.  In short, the Amended Pleadings do not meet the governing pleading requirements, in essence constitute prohibited "shotgun

pleadings," see <u>Anderson</u>, 77 F.3d at 366 ("Anderson's complaint is a perfect example of 'shotgun pleading'"), and Plaintiffs should be required to re-plead their claims (if said claims are not dismissed outright, as they should be). <u>See</u>, <u>e.g.</u>, <u>Greif v. Jupiter Med. Ctr., Inc.</u>, 2008 WL 2705436, at ** 3-4 (S.D. Fla. July 9, 2008) (requiring re-pleading where, as here, the plaintiff's complaint did not comply with Rule 8 or Rule 10(b); where the complaint "d[id] not identify which individual defendant was responsible for the alleged acts taken against Plaintiff"; where "each count incorporate[d] nearly all of the paragraphs of the counts that preceded it" and "incorporate[d] facts that in no way relate to that specific count"; and where "each individual count lack[ed] any specificity that allow[ed] Defendants or the Court to know what actions were taken against Plaintiff that g[a]ve rise to a particular claim").

## CONCLUSION

For all of the foregoing reasons, the Court should enter an Order granting this motion and dismissing the Third Amended Complaint and the Shandorf Amended Complaint or, in the alternative, requiring all Plaintiffs to file more definite statements.[7]

---

[7]     Florida XIX also requests an award of reasonable attorneys' fees pursuant to Paragraph 15 of the contracts in question. <u>See</u> Sian Resort Residences I Condominium Purchase Agreement, attached as an unnumbered exhibit to the Shandorf Amended Complaint, at ¶ 15 ("In the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys', paralegals' and para-professionals' fees and court costs at all trial and appellate levels.").

Respectfully submitted,

MURAI, WALD, BIONDO
& MORENO, P.A.
Attorneys for the MCZ/Centrum
Defendants
Two Alhambra Plaza, Penthouse 1B
Coral Gables, Florida 33134
Telephone: (305) 444-0101
Facsimile:  (305) 444-0174


By:_____s/ Allen P. Pegg_____.
      Allen P. Pegg
      Fla. Bar No. 0597821

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing MCZ/Centrum Defendants' Motion to Dismiss the Amended Pleadings or, in the Alternative, for More Definite Statements was electronically filed with the Clerk of Court by using the CM/ECF system and was furnished by email and U.S. Mail this 26th day of January, 2009, to John Shandorf, 152 E. 84th Street, Apt. 5D, New York, NY  10028.


_____s/ Allen P. Pegg_____.