UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61314-CIV-COHN/SELTZER

JOHN SHANDORF, et al.,

      Plaintiffs,

v.

MCZ/CENTRUM FLORIDA XIX, LLC,
a Delaware Limited Liability Company,
and its successors and/or assigns,
et al.,

      Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on Motions to Dismiss filed by Defendants Felberbaum and Associates, P.A. and Resource Title Company, Inc. [DE 60], Fortune Development and Sales [DE 61], and MCZ/Centrum Defendants[1] [DE 62] (collectively, "Motions to Dismiss"). The Court has considered the Motions to Dismiss, Plaintiff John Shandorf's Response [DE 67], MCZ/Centrum Defendants' Reply [DE 69],[2] the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This action involves a number of Plaintiffs who entered into individual purchase agreements for units in a condominium hotel resort that were cancelled purportedly due to market conditions. Plaintiffs allege that the reason given by Defendants was

---

[1] The MCZ/Centrum Defendants consist of MCZ/Centrum Florida XIX, LLC, MCZ/Centrum Florida III Owner, LLC and MCZ/Centrum Florida XVIII, LLC.

[2] No additional Replies were filed in connection with the Motions to Dismiss.

fraudulent and that the real reason for the cancellations was that the entire resort was sold to alternate investors. The Complaints[3] filed in this action allege that each Plaintiff "executed Purchase Agreements with MCZ Centrum . . . on the Sian Resort Residences/Condominium." (Cap. Compl. ¶ 1; Shan. Compl. ¶ 3.) Allegedly, "[t]he [Plaintiffs] were prepared to close on their individual units . . . in May of 2007," but in "June of 2007, [the Plaintiffs] were contacted by Fortune Development and Sales and told that the [ ] Developer was going to allow them to transfer their deposits to another of their projects . . . because MCZ felt that [the Plaintiffs] were not going to be able to get mortgages on the Sian project." (Cap. Compl. ¶ 2; Shan. Compl. ¶ 4.) Plaintiffs allege that this information was fraudulent, and designed to conceal the fact that an unspecified "MCZ Centrum" entity was "selling the condo project to The Carlyle Group and to MHI [H]ospitality for 78 million dollars and that MCZ was extinguishing the condominium portion of the project, thereby cancelling all purchase agreements unilaterally." (Cap. Compl. ¶ 3; Shan. Compl. ¶ 5.) Further, Plaintiffs allege that "MCZ and the Carlyle Group acted in concert with MCZ in a deceptive manner intended to deceive the Plaintiffs." (Cap. Compl. ¶ 11; Shan. Compl. ¶ 13.)

Based on these allegations, Plaintiffs state: "At a minimum the defendant's [sic] actions amount to civil claims of breach of contract, fraud, civil RICO, deceptive and unfair trade practices and civil theft." (Cap. Compl. ¶ 13; Shan. Compl. ¶ 15.) Plaintiffs

---

[3] There are eleven named Plaintiffs and two Complaints in this case. The Third Amended Complaint [DE 56] is filed on behalf of ten Plaintiffs, who are defined as the "Caputo Group." In addition, there is an Amended Complaint [DE 57] filed *pro se* by John Shandorf. For the purposes of this Order, the Court will refer to the former as the "Caputo Complaint" and the latter as the "Shandorf Complaint." Apart from the individuals named as plaintiffs, the Caputo Complaint and the Shandorf Complaint are virtually identical.

request that the Court "set aside the sale of the hotel or project from MCZ to the Carlyle Group and MHI . . ., and the other 200 plus contract holders be notified of the truth, Specific Performance and the right to close on our respective units." (Cap. Compl. at 8; Shan. Compl. ¶ 16.) In addition, Plaintiffs seek lost profits, punitive and treble damages, and fees and costs. (Cap. Compl. at 8; Shan. Compl. ¶ 16.)

At the inception of this action, John Shandorf, who is not a practicing attorney, attempted to represent himself and the ten other Plaintiffs. On November 17, 2008, a status conference was held before United States Magistrate Judge Barry Seltzer, at which Judge Seltzer advised Mr. Shandorf that he may not represent the ten other Plaintiffs. Judge Seltzer further advised that each individual Plaintiff will need to proceed *pro se* or obtain legal counsel. Shortly thereafter, Defendants Felberbaum and Associates, P.A. and Resource Title Company, Inc. filed a Motion to Strike [DE 23] seeking dismissal because, among other things, the ten other Plaintiffs could not be represented by Mr. Shandorf.

On December 4, 2008, Patricia Cassells and Associates, P.A. filed a Notice of Appearance on behalf of all Plaintiffs [DE 51], with the exception of John Shandorf. On December 9, 2008, the Court granted the Motion to Strike and dismissed the Amended Complaint [DE 5] filed by John Shandorf. On December 30, 2008, the Caputo Complaint was filed on behalf of the ten Plaintiffs represented by Ms. Cassells. The next day, the Shandorf Complaint was filed by John Shandorf, who continues to proceed on a *pro se* basis.

The instant Motions to Dismiss were all filed in the period between January 19, 2009 to January 26, 2009. On February 17, 2009, the ten Plaintiffs represented by Ms.

Cassells filed a Voluntary Dismissal of Third Amended Complaint [DE 65] seeking to have the Caputo Complaint dismissed without prejudice. In addition, on February 17, 2009, John Shandorf filed his Response to the Motions to Dismiss and Ms. Cassells filed a motion requesting that the Court allow Jeffrey Shandorf to join in the Shandorf Complaint and Response filed by John Shandorf.

## II. LEGAL STANDARD

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

At this stage in the litigation, the Court must consider the allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

### III. ANALYSIS

**1.    The Complaints Do Not Meet the Minimum Pleading Requirements**

In Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996), the Eleventh Circuit, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, stated:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

See also Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996), cert. denied, 519 U.S. 1110 (1997); L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995). The Complaints in this action exemplify the situation described in Anderson. In both Complaints, a number factual allegations and legal theories are raised against twelve defendants by a single sentence that reads: "At a minimum the defendant's [sic] actions amount to civil claims of breach of contract, fraud, civil RICO, deceptive and unfair trade practices and civil theft." (Cap. Compl. ¶ 13; Shan. Compl. ¶ 15.)

Plaintiffs must number each claim separately and clearly identify the factual allegations supporting each claim. See Fed. R. Civ. P. 10(b). In addition, because this case involves multiple Defendants, Plaintiffs must (1) identify which Defendants are implicated by each separate claim, and (2) make clear which Defendant is responsible for each factual allegation contained in the complaint.

Plaintiffs are also advised that under Rule 9(b) of the Federal Rules of Civil

Procedure, "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Eleventh Circuit has found that in order to satisfy the requirements of Rule 9(b), a plaintiff alleging fraud, or a claim involving fraud such as RICO, must allege:

> (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud.

Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (per curiam). In addition, "in a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1381 (11th Cir. 1997) (quotation omitted); see also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"). Accordingly, Plaintiffs must make clear which Defendants are accused of fraud, and for each Defendant so accused, allege, with particularity, all four of the elements discussed above.

2.  **Subject Matter Jurisdiction**

The Complaints allege that jurisdiction is proper in this Court on the basis of diversity jurisdiction. Diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "It is well established that there must be complete diversity of citizenship between opposing litigants. '[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each

plaintiff.'" Norych v. Travelers Cas. and Sur. Co. of America, 2009 WL 899981, *2 (S.D. Fla. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)) (emphasis in original).  All three Motions to Dismiss argue that the Court lacks subject matter jurisdiction over the Caputo Complaint because one of the Plaintiffs named therein is a Florida resident and several of the Defendants are also Florida residents. The Court is unclear of the status of the Caputo Group given the filing of the Voluntary Dismissal of Third Amended Complaint [DE 65], however, the Plaintiffs are advised that any amended complaint that may be filed, which does not satisfy the requirements of complete diversity, will be dismissed for lack of subject matter jurisdiction.

In addition, Section 1332(a)'s amount in controversy requirement does not allow the claims of multiple plaintiffs to be aggregated to reach the jurisdictional threshold, see Zahn v. Int'l Paper Co., 414 U.S. 291, 301 (1973), and the claims of at least one of the individual plaintiffs must exceed the amount in controversy threshold for the court to assert jurisdiction.  Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 559 (2005).  A plaintiff's case will only be dismissed for failing to meet the jurisdictional minimum amount in controversy if "it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994).  "However, where jurisdiction is based on a claim for indeterminate damages, the ... 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, 329 F.3d 805, 807 (11th Cir. 2003) (citations omitted).

Both Complaints allege that "each unit be awarded $300,000 plus interest on the deposit." (Cap. Compl. at 8; Shan. Compl. ¶ 16.) Any amended complaint filed by Plaintiffs should identify the damages suffered as a result of the claims alleged against Defendants. Plaintiffs should indicate any out-of-pocket losses and identify how long the Plaintiffs' deposits were kept by Defendants.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motions to Dismiss filed by Defendants Felberbaum and Associates, P.A. and Resource Title Company, Inc. [DE 60], Fortune Development and Sales [DE 61], and MCZ/Centrum Defendants [DE 62] are **GRANTED**. The Plaintiffs shall have up to and including **May 1, 2009** to file an amended complaint.

2. In redrafting the complaint, Plaintiffs are requested to ensure that each legal claim advanced is set forth in a separate count, e.g., if Plaintiffs are alleging a breach of contract claim and a civil RICO, each claim requires a separate count.

3. Further, each count shall state with specificity both the factual and legal basis for the claim it sets forth. Other numbered paragraphs may be incorporated by reference but this must be done with particular care so that only relevant paragraphs are referenced.

4. Plaintiffs are also advised that this will be the last opportunity to amend their pleadings and the Court will not provide another opportunity to replead in connection with any future dismissal.

5. Finally, should the Defendants move to dismiss any amended complaint that may be filed by Plaintiffs, Defendants shall use their best efforts to consolidate their arguments into a single document.[4]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15TH day of April, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

John Shandorf, *pro se*
152 E. 84th Street, #5D
New York, NY 10028

---

[4] The Court notes that many of the same arguments were repeated in the three separate Motions to Dismiss that are at issue in this Order.

9